UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ABN ABRO MORTGAGE GROUP, INC., | : : : | Case No. 1:06-cv-36 |
| | : | Dlott, J. |
| Plaintiff, | : : | Black, M.J. |
| vs. | : : | |
| DEMETRIOUS SMITH, *et al.*, | : : | |
| Defendants. | : | **ORDER** |

This case is before the Court on a *pro se* motion by defendants Demetrious Smith and Amy Smith ("the Smiths") to consolidate this case with three other cases: *ABN AMRO Mortgage Group, Inc. v. Demetrious Smith, et al.*, No. 1:06-cv-37 (S.D. Ohio filed Dec. 14, 2005); *Chase Manhattan Mortgage Corp., et al. v. Demetrious Smith, et al.*, No. 1:06-cv-38 (S.D. Ohio filed Dec. 14, 2005); and *Demetrious Smith, et al. v. ABN AMRO Mortgage Group, Inc., et al.*, No. 1:06-cv-45 (S.D. Ohio filed Dec. 23, 2005).  (Doc. 12.)

The first three cases involve foreclosure actions commenced in state court, two by ABN AMRO Mortgage Group ("ABN") and one by Chase Manhattan Mortgage Corp. ("Chase") against the Smiths with respect to three different loans secured by three separate and distinct real estate properties.  (*See* Doc. 14.)  The fourth is based on the Smiths' claims against ABN, Chase, and twelve other defendants under various common law theories and state and federal statutory provisions.  (*See id.*)

The Smiths are represented by counsel in the first three cases (Nos. 1:06-cv-36, 1:06-cv-37, 1:06-cv-38); they are proceeding without representation in the fourth (No. 1:06-cv-45). Ordinarily, a court will not consider *pro se* submissions from a party represented by counsel. *Non-Punitive Segregation Inmates of Holmesburg Prison v. Kelly*, 589 F. Supp. 1330, 1336 (E.D. Pa. 1984), *aff'd*, 845 F.2d 1014 (3rd Cir. 1988), and *aff'd sub nom. Appeal of Silo*, 845 F.2d 1015 (3rd Cir. 1988); *see also United States v. Troxell*, 887 F.2d 830, 836 (7th Cir. 1989); *United States v. Hirschfeld*, 911 F. Supp. 200, 201 (E.D. Va. 1995) (noting that a person can either proceed *pro se* or represented by an attorney, but not by both methods.) Thus, the Smiths' *pro se* motion may be denied on this basis alone.

Even when reviewed on the merits, however, the motion to consolidate lacks merit.

The Smiths seek to consolidate the four cases pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. Rule 42(a) provides: "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions . . . as may tend to avoid unnecessary costs or delay." Fed. R. Civ. P. 42(a).

The question of consolidation is a matter within the discretion of the trial court. *See Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993). In deciding whether to consolidate, the court must consider the following:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Id.* In weighing judicial resources, the court may also consider whether the cases are at the same stage of litigation. *See Carpenter v. GAF Corp.*, Nos. 90-3460, 90-3461, 1994 WL 47781, at *1 (6th Cir. Feb. 15, 1994) (*per curiam*).

As a threshold matter, the Smiths' conclusory allegations that common questions of fact or law exist are insufficient to warrant consolidation. In the absence of common questions of fact or law, they cannot show that the risk of inconsistent adjudications would outweigh risks of prejudice and possible confusion or that the denial of the motion to consolidate would impose an undue burden on the parties, witnesses, or judicial resources.

Additionally, consolidation is not warranted because the cases are not at the same stage of litigation. For example, a motion to stay is currently pending in *Chase Manhattan Mortgage Corp., et al. v. Demetrious Smith, et al.*, No. 1:06-cv-38, and a Report and Recommendation to remand has already been issued in *Demetrious Smith, et al. v. ABN AMRO Mortgage Group, Inc., et al.*, No. 1:06-cv-45.

In sum, the motion to consolidate is not well taken. Accordingly, **IT IS HEREIN ORDERED THAT** the motion to consolidate the instant action with the three other aforementioned cases (Doc. 12) is **DENIED**.

**IT IS SO ORDERED.**

Date:  7/18/06                                             s/Timothy S. Black
                                                                                                     Timothy S. Black
                                                                                                     United States Magistrate Judge